CHARLES NEIDNER'S SONS CO. v. FOX et al.

(Supreme Court, Appellate Term.  July 6, 1909.)

SALES (§ 69*)—CONTRACT—NATURE OF ARTICLE.

Defendants purchased certain "suction hose" from plaintiff, to be specially made in accordance with specifications furnished by the canal commission, to be furnished by defendants to the commission under contract.  The commission refused to receive the hose, because not reinforced, after which defendants wrote plaintiff, admitting that the specifications did not call for reinforcement.  *Held*, that it was no defense to an action for the price that the hose was not reinforced.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 69.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles Neidner's Sons Company against Hugh C. Fox and others.  From a Municipal Court judgment for defendants, plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-BURY, JJ.

Herbert B. Smith, for appellant.

Wetherhorn & Link, for respondents.

SEABURY, J.  The plaintiff sues upon a contract under which the plaintiff's assignor agreed to manufacture and sell certain hose to the defendants.  The price agreed upon was $457.50.  The defendants pleaded a general denial and a counterclaim for damages alleged to have resulted to them from the alleged failure of the plaintiff's assignor to fulfill his contract.  The court below dismissed the counterclaim and awarded judgment for the defendants dismissing the complaint.

The plaintiff manufactured and delivered to the defendants certain linen hose, which was not reinforced.  The contract upon which the action is brought is expressed in letters which passed between the parties.  It is perfectly clear from these letters that the defendants ordered, and the plaintiff agreed to furnish, "suction hose."  The hose was ordered by the defendants to enable them to furnish hose to the canal commission.  The hose which the plaintiff delivered to the defendants, and which the defendants delivered to the canal commission, was rejected by the latter upon the ground that it was not "suction hose." It appears that the canal commission, in ordering "suction hose" from the defendants, claimed that their order called for a noncollapsible hose, which should be reinforced either by winding it with wire or by inserting a rubber tube lining.

The rights of the parties to this action are to be determined by the contract which they made, and not by the terms of any contract which may have existed between the defendants and the canal commission. So far as the parties to this action are concerned, the question to be determined is whether the contract called for reinforced hose.  Whether it did or not is dependent upon what the parties had in mind in using the expression "suction hose."  Whatever the canal commission may have understood this expression to mean, the correspondence which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

took place between the plaintiff and defendants leaves no room for doubt as to what they understood by it. After the canal commission had refused to accept the hose from the defendants, the plaintiff wrote on July 17, 1907, to the defendants, saying:

"The canal commission cannot but admit that the hose was made strictly in accordance with the specifications, and if they have made any errors or mistakes in their specifications it is up to them, and not you or us."

In response to this letter the defendants on July 20, 1907, wrote the plaintiff as follows:

"We have to-day written the commission stating that the hose was special in every way, and that we could not accept cancellation. * * * You can readily understand our position in the matter. Hose, of course, was made up to specifications, and should be accepted, especially in view of the fact that we made it very clear to the commission in a letter accompanying our bid that hose would be furnished perfectly plain, because specifications did not call for any reinforcement."

From all of the evidence, and from these letters especially, the conclusion is unavoidable that the parties themselves did not regard the contract as calling for reinforced hose. The fact that the canal commission may have understood the expression "suction hose" to refer only to reinforced hose is entirely immaterial in determining the rights of the parties under their contract. Their rights are to be ascertained from the contract which they made. The meaning of the parties being clear, and the plaintiff having performed its part of the contract in the manner in which it was understood by both of the parties to it, the plaintiff is clearly entitled to recover judgment. It is no part of the duty of the courts to correct the errors or mistakes of the parties to this contract, or to make a contract for them different from that which they made for themselves.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs. MacLEAN, J., taking no part.